OSBORN LAW, P.C.
Daniel A. Osborn, Esq. (CSB No. 132472)
295 Madison Avenue, 12th Floor
New York, New York 10017
Telephone: 212-725-9800
Facsimile: 212-725-9808
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| WILLIAM T. HAMPTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br> v. <br><br> PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, PIMCO INVESTMENTS LLC, AND PIMCO TOTAL RETURN FUND, <br><br> Defendants. | Case No.:15-cv-131 |

## CLASS ACTION COMPLAINT UNDER FEDERAL SECURITIES LAWS

1. This is a suit brought under the Federal Securities Laws on behalf of all investors in PIMCO's Total Return Fund (the "Total Return Fund"). For many years the Total Return Fund performed very well and beat its competitors' performance. The Total Return Fund was known as a safe bet and many people put their money into the fund to reap safe gains. But recently the Total Return Fund became a laggard as a result of mismanagement and its utter failure to adhere to its stated investing principals. Now many large institutional investors are pulling out their investments in droves and small investors are left holding the bag.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this case because this is a case brought under federal law. Specifically, the federal securities law claims asserted herein arise under and pursuant to Section 10(b) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b), and Rule 10b-5 promulgated thereunder by the Securities Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5.

3.  This Court has jurisdiction over all of the defendants because they have substantial business ties to this district.

4.  This Court is the proper venue because defendant Pacific Investment Management Company LLC ("PIMCO") is headquartered in this district with its headquarters at 650 Newport Center Drive, Newport Beach, CA 92660.

## PARTIES

5.  Defendant Pacific Investment Management Company, LLC ("PIMCO") is the world's largest mutual fund company. It is headquartered at 650 Newport Center Drive, Newport Beach, CA 92660.

6.  Defendant PIMCO Total Return Fund, is one of PIMCO's most popular funds.

7.  Defendant PIMCO Investments LLC is the PIMCO Total Return Fund's distributor located at 1633 Broadway, New York, New York 10019.

8.  Plaintiff is a resident of the State of Oregon and invested in the PIMCO Total Return Fund.

## CLASS ACTION ALLEGATIONS

9.  This suit is appropriate to be certified as a class action. As stated above, the PIMCO Total Return Fund is one of the world's largest mutual funds and has too many investors

to join. Also, the issues of law and fact are the same for all members of the class and the Plaintiff is not subject to any unique defenses or eligible to bring unique claims against the Defendants.

10. Plaintiff brings this suit on behalf of himself and all other similarly situated investors in all classes of the PIMCO Total Return Fund.

## FACTS

11. PIMCO Total Return Fund was the world's largest mutual fund until many investors withdrew their money because of bad performance. PIMCO was founded by Bill Gross who was the company's chief investment officer.

12. PIMCO Total Return Fund has had many years of outstanding performance but recently had trouble. In fact, 2013 was the fund's worst year ever.

13. Bill Gross has always been known as something of a financial cowboy who is hotheaded. That is why for many years Mohamed El-Erian was the CEO of PIMCO- to keep Gross under control. El-Erian is a more conservative academic-type economist who could balance out Gross. One episode that illustrates the personally conflict between El-Erian and Gross that was cited in an article in the Wall Street Journal is when they argued in front of the PIMCO staff and El-Erian told Gross that he "is tired of cleaning up [Gross's] [expletive]!"

14. El-Erian eventually abruptly resigned in January 2014. Given El-Erian's statement about cleaning up after Gross, why would he resign if not for the fact that Gross was implementing investment strategies that were seen by El-Erian as too risky?

15. This year the Total Return Fund has not fared well. It is yielding only 3.33% this year and is performing worse than most of its competitors. More than $20 billion has been withdrawn from the fund already.

16. Then in September, to cover up Gross's risky investment strategy PIMCO announced and filed with the SEC that it was removing the restrictions of investing in derivatives. Derivatives are risky investments that previously crashed the economy in 2008. Now the Total Return Fund can invest in derivatives on an even larger scale, which increases the risk of the fund exponentially.

17. Then just two weeks later Gross quit PIMCO as CEO. Gross left to manage a Janus fund with around $13 million in assets. Why would Gross leave the company he founded, with almost $2 trillion in assets, to manage a fund worth only $13 million two weeks after PIMCO announced a sweeping change to its derivative policy?

18. Of course, Gross was forced out for railroading a risky derivative policy that stands to lose even more money for these huge funds. This derivative policy, which is a continuation of Gross's policies from <u>before</u> the announced changes, will cause further damage to the Total Return Fund and its investors as a whole.

19. None of these things about Gross and his management of the Total Return Fund was ever disclosed to plaintiff and other Total Return Fund investors.

### CLAIM I
### Violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5

20. Plaintiff repeats and realleges each allegation alleged above.

21. Defendants have mislead the investors in the PIMCO Total Return Fund by investing in risky derivatives beyond the amounts allowed under the funds' restrictions. Defendants have mislead investors by telling them in prospectuses and other documents that these types of investments are restricted, when in fact they have invested in them at will without regard to these restrictions.

22. Defendants' misrepresentations have resulted in losses and/or limited gains on their investments.

23. Accordingly, the Plaintiff and the class are entitled to billions of dollars in damages for losses and/or lost gains.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief judgment as follows:

a. Determining that this action to be a proper class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Awarding plaintiff and the members of the Class compensatory damages;

c. Awarding plaintiff and the members of the Class pre-judgment and post-judgment interest, as well as their reasonable attorneys' fees, expert witness fees and other costs;

d. Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 and any appropriate state law remedies to assure that the Class has an effective remedy; and

e. Awarding such other relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

Date: January 28, 2015

    Respectfully submitted,

    s/Daniel A. Osborn
    Daniel A. Osborn, Esq. (CSB No. 132472)
    OSBORN LAW, P.C.
    295 Madison Avenue, 12th Floor
    New York, New York 10017
    Telephone: 212-725-9800

1
2
3
4
5

Facsimile: 212-725-9808
California *Counsel for Plaintiff*

The Law Offices of Vincent S. Wong
Vincent S. Wong, Esq. (to be admitted pro hac vice)
39 East Broadway, Suite 304
New York, NY 10002
*Of Counsel for Plaintiff*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28